```
             IN THE UNITED STATES DISTRICT COURT
              FOR THE MIDDLE DISTRICT OF GEORGIA
                       COLUMBUS DIVISION

MICHAEL BROWN,                      *

      Plaintiff,                    *

vs.                                 *
                                           CASE NO. 4:23-CV-95 (CDL)
CONSOLIDATED GOVERNMENT OF          *
COLUMBUS, GEORGIA, et al.,
                                    *
      Defendants.
                                    *
```

O R D E R

Michael Brown filed a 31-page complaint against an ambulance company, a few medical facilities, more than a dozen medical providers, the Columbus Consolidated Government, and several Columbus employees.[1]  Ten days after he filed the original complaint, Brown filed an amended complaint that added several pages to the original, plus nearly two hundred pages of exhibits. One of the medical facilities, Regional Rehabilitation Hospital, filed a motion to dismiss in part because Brown's complaint is an impermissible shotgun pleading.  As discussed below, the motion (ECF No. 4) is granted to the extent that the Court strikes Brown's

---

[1] This action appears to be based on the same events as a previous action Brown brought against the same Defendants.  The Court dismissed the claims against most of the Defendants in that action because the complaint failed to state a claim against them and was an impermissible shotgun pleading.  *See generally Brown v. Columbus Police Dep't,* No. 4:21-CV-162 (CDL), 2023 WL 3919460 (M.D. Ga. June 9, 2023) (explaining rulings in prior action).  The Court granted judgment on the pleadings or summary judgment to the other Defendants.  *Id.* at *3.

Complaint (ECF No. 1) and Amended Complaint (ECF No. 2) as impermissible shotgun pleadings but grants Brown one chance to remedy the deficiencies.

DISCUSSION

The rules for pleading a claim in federal court are not complicated, and they apply to pro se plaintiffs like Brown. Federal Rule of Civil Procedure 8(a) states that a complaint must include a "short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 10(a) requires that the original pleading contain a title that names "all the parties." Rule 10(b) requires a party to "state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Furthermore, if it "would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count." Fed. R. Civ. P. 10(b).

The point of these rules is to require a "pleader to present his claims discretely and succinctly, so that[] his adversary can discern what he is claiming and frame a responsive pleading." *Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021) (alteration in original) (quoting *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015)). The rules also exist so that the Court can determine "which facts support which claims" and "whether the plaintiff has stated any claims

upon which relief can be granted." *Id.* (quoting *Weiland*, 792 F.3d at 1320).

The Court may dismiss a complaint as a shotgun pleading if it violates Rule 8(a)(2) or Rule 10(b). *Id.* There are several types of shotgun pleadings, including a complaint that "is 'replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action,'" "a complaint that does not separate 'each cause of action or claim for relief" into a different count,'" and a complaint asserting "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.* at 1325 (quoting *Weiland*, 792 F.3d at 1322-23). Shotgun pleadings are forbidden because they result in confusion to the opposing parties and the Court, plus they "waste scarce judicial resources, inexorably broaden the scope of discovery, wreak havoc on appellate court dockets, and undermine the public's respect for the courts." *Id.* at 1324 (quoting *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018)).

Here, Brown's original and amended complaints are nearly incomprehensible. They violate Rule 8(a)(1) because they do not clearly contain a "short and plain statement of the grounds for the court's jurisdiction." Brown's original complaint violates Rule 10(a) because it does not contain a title that names "all the

parties."  Brown's original and amended complaints violate Rule 10(b) because they do not clearly state claims in numbered paragraphs that are each limited to a single set of circumstances. Plus, neither the original nor the amended complaint separates into discrete counts the claims based on the separate transactions or occurrences.  Furthermore, Brown's original and amended complaints violate Rule 8(a)(2) because they do not contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Both versions of the complaint state that they are for fraudulent concealment against multiple Defendants, but there is no coherent recitation of any facts that put Defendants or the Court on notice of exactly what each Defendant allegedly did or failed to do and why each Defendant's acts or omissions give rise to a claim.  The complaints are also full of vague, immaterial, and confusing facts that are not obviously connected to the claims Brown contends he is trying to assert. Without spending an inordinate amount of time sifting through the complaints, the Court cannot understand what claims Brown is asserting against each Defendant or what specific events give rise to each of those claims.  For all these reasons, the Court grants Regional Rehabilitation Hospital's motion to dismiss (ECF No. 4) to the extent that it strikes the Complaint (ECF No. 1) and Amended Complaint (ECF No. 2) as impermissible shotgun pleadings.

The Court recognizes that if it strikes a complaint as an impermissible shotgun pleading, the Court should give the plaintiff one opportunity to file an amended complaint that complies with the rules.  *See Vibe Micro, Inc.*, 878 F.3d at 1295.  Accordingly, the Court grants Brown <u>one chance</u> to file an amended complaint that complies with the rules.  The amended complaint is due by September 5, 2023.  The amended complaint shall include (1) a title that includes all the parties, (2) a jurisdictional statement, (3) a coherent recitation of the facts that includes what happened, when it happened, where it happened, and who did what, (4) what claims are asserted against each defendant, (5) which factual allegations form the basis of each claim against each defendant, and (6) the legal theory upon which Brown asserts liability against each defendant.  If Brown files an amended complaint that does not comply with this order and the Federal Rules of Civil Procedure, the Court will dismiss this action.

    IT IS SO ORDERED, this 9th day of August, 2023.

                                                S/Clay D. Land
                                                CLAY D. LAND
                                                U.S. DISTRICT COURT JUDGE
                                                MIDDLE DISTRICT OF GEORGIA