```
           IN THE UNITED STATES DISTRICT COURT
           FOR THE MIDDLE DISTRICT OF GEORGIA
                     COLUMBUS DIVISION
```

MICHAEL BROWN,                    *

    Plaintiff,                   *

vs.                               *
                                        CASE NO. 4:23-CV-95 (CDL)
CONSOLIDATED GOVERNMENT OF        *
COLUMBUS, GEORGIA, *et al.*,
                                  *
    Defendants.
                                  *

## O R D E R

The Court previously struck Plaintiff's complaint and "amended complaint" as an impermissible shotgun pleading because (1) there was no coherent recitation of any facts that put Defendants or the Court on notice of exactly what each Defendant allegedly did or failed to do and why each Defendant's acts or omissions give rise to a claim and (2) the complaint and "amended complaint" were full of vague, immaterial, and confusing facts that are not obviously connected to the claims Plaintiff contends he is trying to assert. Order 4 (Aug. 9, 2023), ECF No. 5. Based on the Court's review of the original complaint and the "amended complaint," the Court could not understand what claims Plaintiff was asserting against each Defendant or what specific events gave rise to each of those claims. *Id.*

The Court gave Plaintiff one chance to file an amended complaint that complies with the rules. *Id.* at 5. The Court

stated that the "amended complaint shall include (1) a title that includes all the parties, (2) a jurisdictional statement, (3) a coherent recitation of the facts that includes what happened, when it happened, where it happened, and who did what, (4) what claims are asserted against each defendant, (5) which factual allegations form the basis of each claim against each defendant, and (6) the legal theory upon which Brown asserts liability against each defendant." *Id.* The Court warned that if Plaintiff filed an amended complaint that did not comply with its order and the Federal Rules of Civil Procedure, the Court would dismiss this action. *Id.*

Plaintiff filed an amended complaint and a separate supplement to the complaint on September 5, 2023 (ECF Nos. 6 & 7). And then, on September 15, Plaintiff filed an amended supplement to the complaint. Several Defendants who have not yet been served filed a motion to dismiss, asserting that Plaintiffs' amended complaint (and the supplements) violate the Court's order and the applicable rules. The Court agrees. The complaint's title does not include all the parties. There is no jurisdictional statement and no coherent recitation of the facts that includes what happened, when it happened, where it happened, and who did what. There are no specific counts and no clear explanation of what claims are asserted against each defendant, which factual allegations form the basis of each claim against each defendant,

or the legal theory upon which Plaintiffs assert liability against each defendant.  For these reasons, the amended complaint does not cure the deficiencies in the original complaint.  The Court thus grants the motion to dismiss (ECF No. 9).

The Court is not inclined to impose sanctions on Plaintiff at this time.  If Plaintiff files yet another shotgun complaint against the same defendants that requires a defense by the defendants, the Court will consider imposing sanctions under Federal Rule of Civil Procedure 11.

IT IS SO ORDERED, this 25th day of September, 2023.

                                        s/Clay D. Land
                                        CLAY D. LAND
                                        U.S. DISTRICT COURT JUDGE
                                        MIDDLE DISTRICT OF GEORGIA